UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

SEITHER & CHERRY QUAD CITIES, INC.,
an Iowa corporation,

       Plaintiff,

v.

OAKLAND AUTOMATION, LLC
a Delaware limited liability company, and
OAKLAND INDUSTRIES BLOCKER CORP.,
a Michigan corporation

       Defendants, jointly and severally.
_____/

Case No. 4:23-cv-11310

Hon. F. Kay Behm

Mag. Judge Curtis Ivy, Jr.

| TISHKOFF PLC | HONIGMAN LLP |
|---|---|
| By: William G. Tishkoff (P45165) | By: Kenneth T. Brooks (P33834) |
| And: Christopher M. Vukelich (P76420) | And: Gabriel E. Bedoya (P80839) |
| And: Dylan M. Timmer (P81265) | And: Carsten A. Parmenter (P86425) |
| Attorneys for Plaintiff | Attorneys for Defendant Oakland |
| 407 North Main Street | Industries Blocker Corp. |
| Ann Arbor, MI 48104 | 660 Woodward Avenue |
| (734) 663-4077 | Detroit, MI 48226 |
| will@tish.law | (313) 465-7200 |
| chris@tish.law | kbrooks@honigman.com |
| dylan@tish.law | gbedoya@honigman.com |
| | cparmenter@honigman.com |

_____/

## PLAINTIFF'S PROPOSED RULE 26(f) DISCOVERY PLAN

      This Court's Notice Of Video Rule 16 Scheduling Conference And Rule 26 Joint Discovery Plan Deadline, filed September 6, 2023, (ECF No. 17) ("Notice"), together with Fed. R. Civ. P. 26(f), requires counsel for Plaintiff Seither & Cherry

Quad Cities, Inc. ("S&C") and Defendant Oakland Industries Blocker Corp. ("OIB") to prepare and submit a joint discovery plan ("Plan") seven (7) days before the Rule 16 Scheduling Conference. Notice, Page ID 259. With the Scheduling Conference set for October 19, 2023, the Plan is to be filed by the Parties by today, October 12, 2023. *Id*. at Page ID 259-260.

Plaintiff's counsel made multiple requests to OIB's counsel for the Parties to work together to submit the Plan. As of today's date, no response was received. The above includes S&C's counsel sending OIB's counsel a proposed Plan on August 11, 2023. On September 12, 2023, counsel for S&C and OIB agreed by e-mail to engage in a conference on September 28, 2023, as required by Rule 26(f)(2).

However, on September 25, 2023, Mark C. Vanneste, of the law firm Howard & Howard, advised counsel for Plaintiff that he and his law firm were filing a substitution of attorney and would file an appearance as counsel for OIB. In the call regarding the above, counsel for OIB indicated that such call included the 26(f) conference. However, Mr. Vanneste did not file an appearance or substitution of counsel. Through today's date, the Honigman LLP attorneys that appeared for OIB remain OIB's sole counsel of record.

Counsel for S&C thereafter sent several e-mails to counsel for OIB, with Mr. Vanneste copied by both e-mail and fax, again requesting that OIB's counsel

2

respond with their comments or approval for S&C's proposed Plan. Neither OIB's counsel nor Mr. Vanneste responded. Accordingly, on October 10, 2023, counsel for S&C sent another e-mail to OIB's counsel, with Mr. Vanneste copied by both e-mail and fax, advising that, if no response was received by the October 12, 2023, deadline, S&C would submit its Plan to the Court without contribution form OIB.

In violation of the Notice, an attorney for OIB has not provided comment, approval or any response to S&C's proposed Plan. Accordingly, S&C now unilaterally submits its proposed Plan.

**(A)  What changes should be made in the timing, form, or requirement for disclosures under Fed. R. Civ. P. Rule 26(a), including a statement of when initial disclosures were made or will be made.**

Plaintiff agrees to provide the initial disclosures required by Fed. R. Civ. P. Rule 26(a)(1) by November 16, 2023. Plaintiff does not believe that any other changes need to be made in the timing, form, or requirements for disclosures under Fed. R. Civ. P. Rule 26 at this time.

**(B)  The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

Plaintiff believes that discovery will focus, *inter alia*, on S&C's six (6) causes of action as alleged in S&C's first amended complaint and jury demand, filed on July 13, 2023, [ECF No. 12, "First Amended Complaint"], and the

3

defenses alleged by OIB in its answer and affirmative defenses to S&C's First Amended Complaint, filed on August 9, 2023, [ECF No. 15, "Answer and Affirmative Defenses to First Amended Complaint"].  Plaintiff proposes a discovery schedule as follows:

- Initial Disclosures under Fed. R. Civ. P. 26(a): November 16, 2023;

- Discovery-Midpoint Status Conference: February 15, 2024;

- Disclosure of lay witnesses: April 4, 2024;

- Disclosure of exhibits: April 4, 2024

- Disclosure of Plaintiff's expert witnesses (not including expert rebuttal witnesses) and submission of affirmative expert reports by: April 4, 2024;

- Disclosures of Defendant's expert witnesses (not including expert rebuttal witnesses) and submission of affirmative expert reports by: May 2, 2024;

- Disclosure of expert rebuttal witnesses and submission of expert rebuttal witness reports by: May 16, 2024;

- Fact and Expert Discovery Cut-off: May 16, 2024;

- Dispositive Motions and Motions to Limit/Exclude Expert Testimony filed by: June 17, 2024.

Apart from the guidelines within the above proposed discovery schedule,

Plaintiff does not anticipate the need to conduct discovery in phases or limit discovery to particular issues.

> **(C)   Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

Plaintiff does not anticipate issues in providing electronic information as provided for in the applicable federal rules of civil procedure. Should the need arise, Plaintiff agrees to work with OIB's counsel on a mutually agreeable ESI production protocol.

> **(D)   Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in the order.**

Plaintiff agrees to follow the Federal Rules of Civil Procedure, as well as federal and Michigan law, concerning claims of privilege and the inadvertent production of privileged materials. With respect to the protection of confidential and/or privileged information, should the need arise, Plaintiff agrees to work with OIB's counsel on a mutually agreed protective order.

> **(E)   What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

Plaintiff agrees to comply with the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Michigan concerning the limitations on discovery.

**(F)     Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

Plaintiff may request that the Court sign a protective order agreed to by the parties pursuant to Rule 26(c).

Respectfully submitted,

/s/ Dylan M. Timmer
By: William G. Tishkoff (P45165)
And: Christopher M. Vukelich (P76420)
And: Dylan M. Timmer (P81265)
TISHKOFF PLC
Attorneys for Plaintiff
407 North Main Street
Ann Arbor, MI 48104
(734) 663-4077
will@tish.law
chris@tish.law
dylan@tish.law
October 12, 2023
